UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY ALICE CZERNIAK,

        Plaintiff,                         Case No. 2:19-cv-00166

v.                                              Hon. Maarten Vermaat
                                              U.S. Magistrate Judge

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION**

**I.  Introduction and Facts**

In April of 2018, Plaintiff Mary Alice Czerniak filed an application for Disability Insurance Benefits and Supplemental Security Income.  (ECF No. 8-5, PageID.148-155.)  Czerniak's application was denied on June 8, 2018.  (ECF No. 8-3, PageID.41-69.)  On July 23, 2018, Czerniak requested a hearing before an Administrative Law Judge (ALJ).  (ECF No. 8-4, PageID.92.)  A hearing was scheduled for February 12, 2019.  (*Id.*, PageID.110).

On February 5, 2019, Czerniak, through counsel, indicated that she no longer wanted "to pursue a hearing."  (ECF No. 8-4, PageID.145.)  On February 11, 2019, Counsel for Czerniak informed the Social Security Administration that "[a]t your request, I further discussed my client's request to withdraw her hearing appeal.  She understands that the decision denying benefits will be affirmed."  (*Id.*, PageID.146.)

On February 15, 2019, ALJ Gary A. Freyberg issued an order of dismissal. (ECF No. 8-2, PageID.39.) The order states:

> This case is before the undersigned on a request for hearing dated July 23, 2018. The claimant is represented by Rudolph F. Perhalla, an attorney.
>
> An Administrative Law Judge may dismiss a request for hearing if, at any time before the notice of the hearing decision is mailed, the claimant asks to withdraw the request (20 CFR 404.957(a) and 416.1457(a)).
>
> By letters dated February 5, 2019 and February 11, 2019, the claimant, through her representative, asked to withdraw her request for hearing (*see* Exhibits 8B, 9B). The record shows that the claimant was fully advised of the effects of this action, including that dismissal of her request for hearing would result in the reconsideration determination remaining in effect. The undersigned is satisfied that the claimant understands the effects of her withdrawal of the request for hearing.
>
> Accordingly, the claimant's request for hearing, dated July 23, 2018, is dismissed. The reconsideration determination, dated July 23, 2018, remains in effect.

(*Id.*)

On March 22, 2019, Czerniak requested that the Appeals Council review the ALJ's order of dismissal. (*Id.*, PageID.35.) She also asked for additional time to submit more information. (*Id.*) The Appeals Council granted Czerniak more time to submit new material evidence (*id.*, PageID.33-34), but Czerniak provided no additional information. On June 27, 2019, the Appeals Council denied the appeal, making the initial determination on June 8, 2018, the final decision of the Commissioner. (*Id.*, PageID.30-31.)

Czerniak filed an initial brief in this Court on February 3, 2020. (ECF No. 11.) The Commissioner filed a brief and motion to dismiss on March 2, 2020. (ECF No. 12.) This Court lacks subject matter jurisdiction to overturn the Appeals Council's decision denying review of the ALJ's decision to dismiss the case after Czerniak voluntarily requested dismissal of the hearing. The Court lacks jurisdiction because

2

a final decision was not made after a hearing on the merits of Czerniak's disability claim. In addition, Czerniak has not shown that the ALJ's decision was an abuse of discretion or that substantial evidence did not support the Commissioner's decision. For these reasons, the Court respectfully dismisses this case.

## II. Analysis

Czerniak filed this appeal arguing that the Social Security Administration erred by not reinstating a hearing. (ECF No. 11.) Czerniak argues that she initially asked to cancel her hearing because she was able to get a job and wanted to see if she could work. Sometime after the hearing was canceled, Czerniak determined that she was unable to work and appealed the ALJ's administrative dismissal of her claim for Social Security benefits. Czerniak argues that it was error for the Appeals Council to deny her appeal and she is entitled to a hearing before an ALJ to determine her eligibility for benefits.

The Commissioner argues that judicial review of the ALJ's order of dismissal is not available under 42 U.S.C. § 405(g) because the Commissioner did not make a final decision after a hearing. Judicial review of an SSA decision is available in a United States District Court of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The claimant must complete the following steps of the administrative process before seeking judicial review of a final decision: (1) initial determination; (2) hearing before an Administrative Law Judge;

and (3) Appeals Council review.[1] 20 C.F.R. § 404.900(a)(1)-(4). An action may be brought in a United States District Court to appeal "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g).

The Commissioner argues that no final decision was made after a hearing in this case. Rather, the final decision was the initial determination made on June 8, 2018. The Commissioner asserts that decision is not appealable because it was not made after a hearing. An appeal to the district court cannot be made after an initial determination as set forth in 42 U.S.C. § 405(g) and (h).

"The dismissal of a request for a hearing is binding unless it is vacated by an administrative law judge or the Appeals Council." 42 U.S.C. §§ 404.959 and 416.1459. The regulations do not provide for judicial review of a dismissal of a request for a hearing.

Absent a hearing or a rare constitutional challenge, judicial review of a Commissioner's decision is not available because the district court lacks subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 108-109 (1977.) A final decision is "some type of terminal event", such as the Appeals Council decision to dismiss a claim based upon lack of timeliness. *Smith v. Berryhill*, 139 S. Ct. 1765, 1774 (2019)

---

[1] The disability process was modified until June 26, 2020, in Michigan, to eliminate the reconsideration step of agency review. Only three steps were required at the time of Czerniak's agency review of her application for disability. *See Modifications to the Disability Determination Procedures; End of the Single Decisionmaker Test and Extension of the Prototype Test*, 83 FR 63965-01, 2018 WL 6504491 (Dec. 12, 2018.) As a result, the ALJ's order indicating that the reconsideration determination remained in effect was an error. The initial decision remained in effect.

(*distinguishing Califano*). A decision by the Appeals Council on timeliness grounds is appealable in the district court if claimant did have a hearing before the ALJ because the Appeals Counsel decision is a *final decision* made *after a hearing* before the ALJ on the merits. *Id.* at 1780 (emphasis added), s*ee also Suciu v. Barnhart*, 405 F. Supp. 2d 874, 878 (M.D. Tenn. 2005) (holding that district court lacked jurisdiction to directly review order denying hearing – after the claimant failed to appear for a scheduled hearing – because it was not a final decision made after a hearing, but Fifth Amendment due process claim gave the court jurisdiction to review claim and to remand to the Commissioner to schedule a hearing in compliance with 20 C.F.R. § 404.957).

Accordingly, because the final decision in this case was not made after a hearing, this Court lacks jurisdiction to review the Appeals Council's decision denying review of the ALJ's decision dismissing the hearing upon Czerniak's request.

Finally, even if the Court has jurisdiction to review the dismissal order and the Appeals Council's decision denying the appeal, the standard of review is abuse of discretion as to the overall conclusion and whether substantial evidence factually supports the Commissioner's decision. 42 U.S.C. § 405(g); *Smith*, 139 S. Ct. at 1779, n.19. Czerniak, through counsel, twice requested that the ALJ dismiss her hearing. The ALJ initially asked counsel to confirm Czerniak's request to cancel the hearing and to fully explain to her the consequences of granting her request – i.e., that the initial decision would become the decision in the case.

The ALJ entered the order dismissing the case only after Czerniak's attorney confirmed that she was aware that the decision denying her benefits would be affirmed.  This Court cannot conclude that an abuse of discretion on the part of the ALJ occurred in this case.  The ALJ was ready to hold a hearing.  However, Czerniak informed the ALJ that she no longer wanted to pursue a hearing with the understanding that her request for benefits would be denied.

Accordingly, the Court respectfully concludes that the Commissioner did not err in determining that the initial denial of benefits was correct and that Czerniak's waiver of a hearing before the ALJ supported the ALJ's finding to dismiss her claim.

### III.  Conclusion

For these reasons, the Commissioner's motion to dismiss (ECF No. 12) the complaint is GRANTED.

A separate Judgment will issue.


Dated:   February 3, 2021                         /s/ *Maarten Vermaat*
                                                  MAARTEN VERMAAT
                                                  U. S. MAGISTRATE JUDGE